UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| YESENIA PACHECO, LUIS LEMUS, and S.L.P., minor child, by and through her Guardian ad Litem, Brian Comfort,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:15-CV-01175<br><br>PLAINTIFFS' FRCP 42(b) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES<br><br>**NOTE ON HEARING CALENDAR:**<br>April 28, 2017 |

### I.  RELIEF REQUESTED

COME NOW the Plaintiffs by and through attorney of record, Michael A. Maxwell of Maxwell Graham, PS, and request the Court bifurcate this action pursuant to FRCP 42(b), order that a bench trial on liability only take place no later than October 1, 2017[1], and continue trial on damages until May, 2019.[2]

---

[1] Making use of LCR 32(e), Plaintiffs believe that a liability trial can be completed in one single court day.
[2] Plaintiffs' damages expert Stephen Glass, MD attests: "I would be able to complete a comprehensive assessment of S__'s deficits in October, 2018 after S__ has started that school year and I would then be able to provide feedback regarding her early academic, developmental and neurologic progress."

PLAINTIFFS' FRCP 42(B) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES - 1

**MAXWELL GRAHAM, PS**
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM

## II. STATEMENT OF FACTS

a. <u>There is no reason to delay a finding on liability.</u>

On September 8, 2016 Plaintiffs filed a motion for summary judgment on liability, citing the Defendant's Answers to the Complaint, the deposition testimony of Defendant's FRCP 30(b)(6) representative, the deposition testimony of Gloria Rodriguez who was identified as the medical assistant who injected Plaintiff Yesenia Pacheco with a flu shot, Plaintiff Yesenia Pacheco's medical records which were provided by Defendant in discovery, Defendant's answer to Plaintiff's Interrogatory no. 3, and the declaration of Hal Zimmer, Plaintiffs' liability expert.[3] Dr. Zimmer stated in part:

> It is my opinion on a more probable than not basis and to a reasonable degree of medical certainty that by failing to administer Yesenia Pacheco her regularly scheduled DepoProvera injection on September 30, 2011, and by administering a flu vaccine instead of the DepoProvera injection, personnel at the NeighborCare Clinic failed to follow the standard of care for primary care providers and obstetricians in the State of Washington, and that such failure was a proximate cause of the event complained of, i.e., the unintended pregnancy and birth of SLP who has the condition of bilateral perisylvian polymicrogyria.[4]

On October 24, 2016 Defendant responded to Plaintiffs' Motion[5] citing a declaration of Gloria Rodriguez[6], the deposition testimony of Gloria Rodriguez, the medical records of Yesenia Pacheco and the deposition testimony of Yesenia Pacheco.[7] On October 28, 2016 Plaintiffs

---

[3] Docket no. 20.
[4] Docket no. 20, exhibit 6.
[5] Docket no. 23.
[6] Docket no. 24.
[7] Docket no. 25.

PLAINTIFFS' FRCP 42(B) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES - 2

MAXWELL GRAHAM, PS
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM

replied citing the deposition testimony of Yesenia Pacheco.[8]  On January 19, 2017 Defendant filed a supplemental surreply citing the testimony of Yesenia Pacheco.[9]

On February 22, 2017 the Court denied Plaintiffs' motion holding:

> The dispute between the parties is whether Pacheco agreed and understood that she would be receiving a flu vaccine instead of a Depo-Provera injection.  If Pacheco did agree and understand then there was no breach of duty because Pacheco was injected with the correct substance and defendant obtained informed consent.[10]
> . . .
> [T]he Court will consider defendant's habit evidence, which puts at issue the question of whether Rodriguez obtained Pacheco's consent for the flu vaccination. There is a genuine issue of material fact with respect to whether or not Rodriguez obtained informed consent before administering the flu vaccine. If, at trial, it is more credible that Rodriguez followed her protocol, then the fact-finder may conclude that Pacheco did consent. If, however, the fact-finder is more persuaded by the evidence suggesting that Pacheco sought a Depo-Provera injection and Rodriguez did not follow her protocol, then it may conclude that Pacheco did not consent.[11]

As the Court noted, the only issue in dispute is whether Pacheco agreed and understood that she would be receiving a flu shot in lieu of a Depo-Provera injection.  There were only two participants in the conversation between Pacheco and Rodriguez.  Pacheco claims to have a memory of the event; Rodriguez does not.  The issue for the court to determine at trial is whether Plaintiffs can carry their burden of proof.

Defendant does not appear to disagree with Plaintiffs' theory of medicine that if Rodriguez did inject Plaintiff with the wrong substance, then Defendant would be liable.  The question is whether Defendant's FRE 406 habit evidence which the Court has ruled admissible is sufficient to defeat the Plaintiffs' claim.

---

[8] Docket no. 26.
[9] Docket no. 31.
[10] Docket no. 36, Order denying Plaintiffs' Motion for Summary Judgment, p. 4.
[11] Docket no. 36, Order denying Plaintiffs' Motion for Summary Judgment, p. 7.

PLAINTIFFS' FRCP 42(B) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES - 3

MAXWELL GRAHAM, PS
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM

b.    <u>Plaintiffs are unable to try their case on damages until the spring of 2019 due to SLP's youth.</u>

Plaintiffs retained Stephen Glass, MD to testify to the nature and extent of the injuries of the child SLP.  Plaintiffs' counsel wrote to Dr. Glass:

> The case has been filed and we need to decide when would be a good time to bring it to trial.  The child is only three years old. We would like to know at what age you will be able to provide a comprehensive assessment of her deficits. Age five? Six?[12]

Dr. Glass testifies in a declaration that he would need until after SLP enrolled in the first grade after her sixth birthday in October, 2018 to be able to perform a comprehensive diagnosis of her deficits:

> 3. In January of 2013 I was asked by the attorney for SLP to perform a comprehensive neurologic evaluation. Attached as Exhibit B is the report of my findings.
> 4. When I performed this evaluation, SLP was at the age of 15 months. My ability to complete a comprehensive neurologic evaluation that would be meaningfully predictive of her later neurologic and developmental function was limited by SLP's young age.
> 5. I was recently asked what age SLP would have to reach in order for me to complete a comprehensive assessment of SLP's deficits that would be more accurate and predictive of her future.  In my experience, such an assessment should take place after SLP has entered school (first grade) following her sixth birthday. SLP was born on August 02, 2012. Her sixth birthday will be in August, 2018 and presumably, first grade entry would be a month later in September, 2018. I would be able to complete a comprehensive assessment of SLP's deficits in October, 2018 after SLP has started that school year and I would then be able to provide feedback regarding her early academic, developmental and neurologic progress.[13]

### III.    STATEMENT OF ISSUES

---

[12] Maxwell declaration, exhibit A.
[13] Glass declaration.

PLAINTIFFS' FRCP 42(B) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES - 4

**MAXWELL GRAHAM, PS**
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM

For convenience, to expedite, or to economize, should the Court order a separate trial on the Plaintiffs' liability claim?

Given that there is no just reason for delay, should the Court order that a separate trial on the Plaintiffs' liability claim take place no later than October, 2017?

Given that SLP's condition cannot be evaluated until October 2018 at the earliest, should the Court continue trial to the spring of 2019?

### IV.   EVIDENCE RELIED UPON

Plaintiffs rely upon the attached declaration of Stephen Glass, MD and the pleadings in support of the Plaintiffs' motion for summary judgment.

### V.   AUTHORITY AND ARGUMENT

a.   <u>Principles of convenience, expedition and economy favor bifurcation.</u>

FRCP 42(b) <u>Separate Trials</u>, provides that

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

In this case, a trial on liability can and should be streamlined with the use of deposition transcripts per LCR 32(e). Plaintiffs will present the live testimony of Yesenia Pacheco and Dr. Zimmer and presumably, Defendant will present the live testimony of Gloria Rodriguez. Plaintiffs believe that trial can be accomplished in one single day.

A "major consideration" for determining whether to bifurcate is "the choice most likely to result in a just final disposition of the litigation[.]"[14] Bifurcation is also appropriate where "a single

---

[14] *See In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (9th Cir. 1986) (citing 9 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Proc.,§ 2388 (1971)).

PLAINTIFFS' FRCP 42(B) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES - 5

MAXWELL GRAHAM, PS
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM

issue could be dispositive of the case and its resolution might make it unnecessary to try other issues in the litigation[.]"[15] Bifurcation is appropriate where a first phase of trial will eliminate some or all of the claims for the second trial.[16]

Here, the interest of judicial economy will be served by bifurcation. Plaintiffs have a complicated and expensive damages claim, as the child SLP was born with bilateral perisylvian polymicrogyria. If the Plaintiffs cannot carry their burden of proving their liability claim, then both parties would benefit from being relieved of the expense of retaining expensive expert witnesses, including pediatric neurologists and life care planners. On the other hand, if the Plaintiffs carry their burden at a liability trial, then the parties can focus their time and attention in preparation for a trial on the nature and extent of the injuries. For this reason, principles of convenience, expedition and economy favor bifurcation. Plaintiffs request a trial on liability no later than October, 2017.

b.  <u>Plaintiffs cannot present their damages case until spring, 2019.</u>

Plaintiffs' expert Dr. Glass cannot provide a comprehensive assessment of SLP's neurological deficits until after SLP is six years of age and has entered the first grade, which will take place in September, 2018. He would like to review at least a month of progress reports in school, which means that the earliest he could assess her academic performance is October, 2018.

---

[15] 9 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Proc. § 2388 at 476 (2d ed. 1994). *See also McCoy v. Liberty Mutual Fire Ins. Co.*, No C09-5464BHS, 2009 U.S. Dist. LEXIS 120690 (W.D. Wash. Dec. 29, 2009).
[16] *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985) (holding that bifurcation was appropriate when resolution of insurance contract claim would dispose of plaintiffs bad faith claim against carrier)). But see *Dees v. Allstate Ins. Co.*, No. Cl2-0483JLR, 2012 U.S. Dist. LEXIS 127032, 2012 WL 3877708 (W.D. Wash. 2012) (denying a motion to bifurcate and stay because of the substantial overlap between coverage and bad faith issues and the regularity by which the Court hears insurance cases involving contractual and extra-contractual claims).

PLAINTIFFS' FRCP 42(B) MOTION TO
BIFURCATE TRIAL, EXPEDITE TRIAL
DATE ON LIABLITY, AND CONTINUE
TRIAL DATE ON DAMAGES - 6

MAXWELL GRAHAM, PS
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM

After he has completed his assessment of SLP's deficits, then Plaintiffs' life care planner will have to revise the life care plan according to Dr. Glass's assessment.

Plaintiffs understand that Defendant is entitled to conduct its own assessment of SLP's deficits per FRCP 35.  However, Defendant's examiner who has not been identified yet also must wait until after SLP has enrolled in first grade in the fall of 2018 for the same reasons that Dr. Glass cites.   Traditionally, Defendant's CR 35 examiner prefers to wait until Plaintiffs' examiner has completed his assessment.

Plaintiffs believe that for all these events to occur – for Dr. Glass to examine SLP in the fall of 2018, for Defendant's FRCP examiner to examiner SLP after Dr. Glass, for both parties to submit their medical opinions to their life care planners, and for everyone to discover the other's opinions and depose their experts – the earliest that trial can be held is the late spring of 2019.  For this reason, Plaintiffs request trial on damages to take place no later than May, 2019.

Plaintiffs are aware that Defendant believes it is entitled to an earlier trial on this matter. However, Plaintiffs have no choice but to request a trial continuance due to the unusual circumstances of this case.  The statute of limitations for SLP does not expire until August, 20131, which is three years after SLP's 18th birthday.  However, Plaintiffs had to file when they did to preserve the claims of SLP's adult parents. Plaintiffs cannot dismiss this case and refile it later because doing so would forever bar the claims of SLP's parents due to the statute of limitations.

Plaintiffs are squeezed by a vice.  On the one side, the expiring statute of limitations for SLP's parents required them to file their claim when they did.  On the other, SLP is too young for her neurological deficits to be comprehensively assessed until October 2018, necessitating trial no earlier than May, 2019.

### VI. CONCLUSION

PLAINTIFFS' FRCP 42(B) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES - 7

MAXWELL GRAHAM, PS
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM

For the above reasons, Plaintiffs request bifurcation of trial, a bench trial to take place no later than October 1, 2017, and trial on damages to take place in May, 2019.

Dated this 10th day of April 2017.

By: /s/ *Michael A. Maxwell*
Michael A. Maxwell WSBA # 21781
Maxwell Graham, PS
1621 114th Avenue SE, Suite 123
Bellevue, WA 98004
206.527.2000
mike@maxwellgraham.com
Attorney for Plaintiff

PLAINTIFFS' FRCP 42(B) MOTION TO BIFURCATE TRIAL, EXPEDITE TRIAL DATE ON LIABLITY, AND CONTINUE TRIAL DATE ON DAMAGES - 8

MAXWELL GRAHAM, PS
1621 114TH AVE SE, SUITE 123
BELLEVUE, WA 98004
P: 206.527.2000 F: 425.484.2012
MAXWELLGRAHAM.COM