UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YESENIA PACHECO, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C15-1175RSL

ORDER BIFURCATING TRIAL AND CONDITIONALLY COMPELLING RULE 35 EXAMINATIONS

This matter comes before the Court on defendant's "Motion to Extend Trial and Pretrial Deadlines" (Dkt. # 89) and "Motion to Compel Rule 35 Supplemental Examinations" (Dkt. # 94). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

On July 30, 2019, the Court held a status conference to select a trial date in the above-captioned matter. All pending motions had been resolved, and the parties represented that they were ready to proceed to trial. The Court set the matter for a six day trial beginning on October 28, 2019.

One month after the status conference, the United States requested a further continuance. It represented that, due to an unforeseen emergency, new counsel would be taking over the case and they would need six months to prepare for trial. After hearing from plaintiffs, the Court suspended the pretrial deadlines and trial date, but directed the United States to file a written motion explaining why a such a lengthy continuance was

ORDER BIFURCATING TRIAL AND
CONDITIONALLY COMPELLING
RULE 35 EXAMINATIONS - 1

necessary. Defendant filed both the motion to continue the trial date and a motion to compel S.L.P. to participate in supplemental independent medical evaluations.

The United States asserts that it needs a six-month continuance of the trial date so that it can obtain updated medical and school records for S.L.P., conduct independent medical examinations to assess S.L.P.'s current condition, continue the "development of fact witnesses" (Dkt. # 89 at 4; Dkt. # 98 at 2), and obtain settlement authority if appropriate. The government acknowledges that it has all records pertaining to liability (Dkt. # 89 at 2): except for the reference to "development of fact witnesses," all of defendant's justifications for delay involve the assessment and calculation of damages.

Plaintiffs argue that a lengthy continuance will irreparably harm S.L.P. insofar as her family may be financially unable to provide the services she needs. Although they acknowledge that updating S.L.P.'s medical and school records may be appropriate, plaintiffs oppose additional medical examinations or supplementation of expert reports. Plaintiffs propose bifurcation of the liability and damages phases of the trial, thereby resolving the liability issues as quickly as possible while providing the government additional time in which to update information related to damages. Under plaintiffs' proposal, a one day trial would be held on October 28, 2019, to resolve liability issues. The second phase, if necessary, would be scheduled for the first week of December, after the United States has had a chance to obtain current medical and school records. Plaintiffs indicate that they will provide any necessary releases so that the government can obtain updated records quickly and efficiently.

In reply, the United States does not address the bifurcation proposal. It expresses doubts regarding plaintiffs' claim of irreparable harm, however, and continues to insist on a six month continuance. It also seeks permission to conduct two supplemental evaluations of S.L.P., to update all four of its experts' reports if necessitated by the new

ORDER BIFURCATING TRIAL AND
CONDITIONALLY COMPELLING
RULE 35 EXAMINATIONS - 2

examinations, to issue rebuttal reports if plaintiffs' experts respond, and to conduct additional depositions of any experts who update their reports..

The Court finds that bifurcation is appropriate, grants leave to conduct limited discovery, and continues the trial and related dates. While a change in counsel on the eve of trial may justify some delay to allow new counsel to familiarize themselves with the record, it is not an excuse to alter a party's theory of the case or to restart or redo discovery. Any "development" of fact witnesses in this case should have been done long ago: there are only a handful of fact witnesses, and their identities have been known since the complaint was filed. All of the fact witnesses have been deposed, and the United States has not identified any particular deficiency or additional fact discovery it deems necessary. The same cannot be said for discovery related to damages, however, because, even if S.L.P.'s diagnosis and physical condition are fixed, her developmental status appears to change with time and participation in remediation programs. Focusing the parties' trial preparations on liability issues for the first phase will allow liability to be resolved in the near term without compromising new counsels' preparations, will offer the parties a firmer footing on which to attempt to settle the case, and will determine whether the parties need to prepare for a damages phase.

For all of the foregoing reasons, the United States' motions to extend the trial and pretrial deadlines and to compel Rule 35 examinations are GRANTED in part and DENIED in part. Trial of the above-captioned matter is hereby bifurcated. The government may immediately request - and the Court expects plaintiffs to provide - signed releases to obtain updated medical and school records related to S.L.P. The liability phase of the trial, which is estimated to take one day, will begin on January 22, 2020. Following resolution of the liability issues, the trial of the damages issues and

related dates will be scheduled if necessary. The parties will have an opportunity to conduct settlement negotiations before expending any additional time and resources developing expert testimony regarding damages. If settlement is not achieved, defendant's expert pediatric neurologist and forensic psychologist, who will have had ample time to review S.L.P.'s updated medical and school records by then, will be given a brief window in which to conduct supplemental examinations of S.L.P. and to update their reports. Plaintiffs may, if they choose, depose defendants' experts regarding any changes to their reports. Plaintiffs' experts will have a chance to respond to new information in the updated reports at trial: plaintiffs will not be required to expend time or funds updating their own expert reports.

Dated this 1st day of October, 2019.

Robert S. Lasnik
United States District Judge