UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YESENIA PACHECO, *et al.*,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. C15-1175RSL

ORDER GRANTING IN PART PLAINTIFFS' AMENDED MOTIONS IN LIMINE

This matter comes before the Court on "Plaintiffs' Amended Motions in Limine." Dkt. # 109. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**1. Domestic Violence**

The parties agree that evidence of domestic violence is not relevant to the liability determination in this matter. Plaintiffs' first motion in limine is GRANTED as to the first phase of trial.

**2. Citizenship or Immigration Status**

The parties agree that evidence of plaintiffs' citizenship and/or immigration status is not relevant to the liability determination in this matter. Plaintiffs' second motion in limine is GRANTED as to the first phase of trial.

//

**3. Testimony Regarding Incident That is Not Based on Memory**

Medical Assistant ("MA") Gloria Rodriguez does not recall her conversation or interaction with plaintiff Yesenia Pacheco on September 30, 2011, but she may nevertheless testify regarding her habits and practices when administering injections. She has personal knowledge of her habits and practices, and "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit . . . . The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Ev. 406. Plaintiffs' third motion in limine is DENIED.

**4. Sufficiency of Evidence of Habit**

Almost three years ago the Court determined that there is sufficient evidence regarding MA Rodriguez' practice when administering injections to admit the evidence in support of defendant's claim of pattern or practice. Dkt. # 36 at 5-7. Plaintiffs' fourth motion in limine belatedly challenges the Court's prior ruling, recharacterizing the relevant conduct from "administering injections" to "injecting a patient with a vaccine or medication in lieu of that which the patient was scheduled to receive" and arguing that the conduct was not regular or frequent enough to be admitted as evidence of a habit. Plaintiffs' fourth motion in limine is DENIED for both procedural and substantive reasons. It is procedurally improper as an untimely motion for reconsideration. On the merits, plaintiffs' recharacterization of the relevant conduct is unwarranted given the facts and issues in this case. Plaintiffs' fourth motion in limine is DENIED.

**5. Evidence of Illegal Conduct to Excuse Negligence**

Plaintiffs seek to exclude evidence or argument that would explain defendant's conduct on September 30, 2011, if the explanation involved a violation of state or federal law. For example, plaintiffs argue that defendant should not be permitted to show that

Ms. Pacheco consented to a flu vaccination because there is no signed consent form in her medical records, and the creation and maintenance of such a form is required by law. No legal authority is provided for this extraordinary motion, nor would such a ruling be logical. Whatever happened at NeighborCare Health on September 30, 2011, happened regardless of whether the parties complied with all applicable legal requirements. While the lack of a signed consent form in the medical records may undercut defendant's contention that Ms. Pacheco consented to the flu shot, it does not make consent an impossibility. Ms. Pacheco could have orally consented, or her written consent form could have been lost. Any regulatory violation that may or may not have occurred did not alter the actual events at issue. Plaintiffs' fifth motion in limine is DENIED.

**6. Contributory Negligence**

Plaintiffs seek an order excluding evidence or argument suggesting that one or more of the named plaintiffs was contributorily negligent, based on a bare assertion that there is no evidence to support the affirmative defense. Dkt. # 109 at 16. If that is the case, no evidence will be offered. If, however, there is evidence of contributory negligence, plaintiffs offer no justification for excluding it. Plaintiffs' sixth motion in limine is DENIED.

**7. Consent Form**

Plaintiffs seek to exclude all evidence or argument regarding Ms. Pacheco's alleged written consent to the flu vaccination because a signed form was not produced during discovery. Plaintiffs do not accuse defendant of spoliating the evidence, but seek an adverse inference or an exclusionary ruling because defendant has been unable to locate the document. A signed consent form is simply one way to prove consent. While its absence may undercut defendant's contention that Ms. Pacheco consented to the flu shot, it does not affirmatively prove a lack of consent. Plaintiff's seventh motion in limine is

DENIED.

**8. Recorded Statement**

On January 9, 2012, the NeighborCare Health clinic manager recorded the substance of her interview with MA Rodriguez regarding the events of September 30, 2011. In response to plaintiffs' hearsay objection, defendant argues that the statements are not hearsay if offered to rebut a charge of recent fabrication and/or are admissible as a recorded recollection under Federal Rule of Evidence 803(5). Plaintiffs point out that, by the time MA Rodriguez was interviewed, she had a motive to explain how Ms. Pacheco came to get a flu shot rather than a Depo-Provera injection in a way that was consistent with the standard of care and reduced, if not eliminated, MA Rodriguez' fault in the matter. The record as it currently stands does not allow the admission of the recorded statements: defendant has not offered evidence from which one could conclude that the original statements were made pre-motive or were an accurate reflection of MA Rodriguez' knowledge at the time. See Tome v. U.S., 513 U.S. 150, 157-60 (1995) (finding a time frame embedded in Fed. E. Ev. 801(d)(1)(B) that imposes a pre-motive requirement); Fed. R. Ev. 803(5)(C) (requiring that the recorded recollection "accurately reflect[] the witness's knowledge" in order to fall within the hearsay exception). The Court reserves ruling on this motion in limine pending defendant's efforts to lay a proper foundation for the record's admission.

**9 and 10. Effect of Request for or Consent to a Flu Shot**

Plaintiffs seek to prevent defendant from arguing that Ms. Pacheco's alleged consent to a flu vaccination justified MA Rodriguez' failure to provide a Depo-Provera injection. They correspondingly seek to exclude all evidence regarding Ms. Pacheco's alleged request for or consent to a flu shot as irrelevant and prejudicial.

The primary issue in the liability phase of this trial is whether defendant followed

1  the accepted standard of care. Plaintiffs will offer expert testimony tending to show that
2  the standard of care requires health care providers to provide the treatment or medical
3  services for which the patient has scheduled the appointment and that the provision of
4  some other treatment or service (such as a flu shot) without acknowledging the change in
5  the medical record does not satisfy that standard. Defendant will argue that, in the totality
6  of the circumstances, its conduct was reasonable and not negligent because Ms. Pacheco
7  understood (or should have understood) that she was getting a flu shot instead of the
8  Depo-Provera injection. The parties will be permitted to present their evidence regarding
9  the standard of care and make their arguments regarding whether the facts show that
10 defendant followed that standard. Plaintiffs' ninth and tenth motions in limine are
11 DENIED.

Dated this 7th day of January, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge