UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YESENIA PACHECO, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C15-1175RSL

ORDER GRANTING IN PART DEFENDANT'S MOTIONS IN LIMINE

This matter comes before the Court on "Defendant's Motions in Limine." Dkt. # 114. Having reviewed the memoranda and declaration submitted by the parties, the Court finds as follows:

**A. Deposition Testimony of Plaintiffs' Witnesses**

Defendant seeks to preclude plaintiffs from offering the deposition testimony of Yesinia Pacheco and their expert, Dr. Harold Zimmer, at trial. According to plaintiffs' pretrial statement, they anticipate calling both witnesses live during the presentation of their case-in-chief. Plaintiffs have not identified any rule of evidence or civil procedure that authorizes the use of depositions in these circumstances. See Mazloum v. D.C. Metro. Police Dep't, 248 F.R.D. 725, 727 (D.D.C. 2008) (acknowledging the "unremarkable proposition that a party cannot introduce the deposition testimony of a witness (other than for impeachment purposes) who will, in fact, be present and giving live testimony at trial.").

Plaintiffs argue, however, that the Court should relax the rules of evidence and allow both parties to submit hearsay evidence in the form of deposition testimony in order to more efficiently try the liability issues. Absent a more particularized showing regarding the nature of the deposition testimony at issue and the surrounding indicia of its reliability, the Court declines to adopt such a procedure. Hearsay testimony raises reliability concerns that can be avoided through live testimony: if an established exception to the hearsay rule does not apply, the party offering the evidence must make a particularized showing of trustworthiness. See U.S. v. Murillo, 288 F.3d 1126, 1137 (9th Cir. 2002). Plaintiffs have not done so on the record before the Court.

Defendant's first motion in limine is GRANTED.

**B. Evidence of Inadequate Recordkeeping**

Plaintiffs allege that employees of NeighborCare Health were negligent in the provision of medical care to Yesenia Pacheco. The negligent acts and/or omissions recited in the Amended Complaint include the failure to adequately record Ms. Pacheco's medical treatments and consents, which plaintiffs contend contributed to the "miscommunication" that led to her receiving a flu shot rather than a Depo Provera injection on September 30, 2011. Defendant asserts that there is no causal connection between the alleged recordkeeping deficiencies and plaintiffs' injuries. Dkt. # 114 at 3-4. Causation is a disputed issue of fact which the Court will not resolve in the context of a motion in limine.

Defendant also seeks to exclude evidence and argument regarding the state of Ms. Pacheco's medical records on the ground that any recordkeeping failure must have been on the part of NeighborCare Health, as a corporate entity, and not on the part of its individual employees. Defendant argues that the government cannot be held liable under the Federal Tort Claims Act ("FTCA") when a claim is based on state law that would

hold only a corporation - and not an individual person - liable. Dkt. # 117 at 3.[1] Based on these premises, defendant seeks to preclude plaintiffs from arguing that alleged deficiencies in NeighborCare Health's documentation of Ms. Pacheco's past medical treatments and/or her consent to the flu shot give rise to liability on the part of the United States.

Defendant's premises are faulty in that they appear to be based on an assumption that (1) a claim under RCW 7.70.030 lies only against a corporation and/or (2) plaintiffs have alleged that the clinic was negligent. Neither assumption is supported. An individual health care provider who fails to satisfy the accepted standard of care can be held liable under the relevant state law, RCW 7.70.030. Defendant expressly acknowledges that plaintiffs have not alleged corporate negligence (Dkt. # 114 at 3): rather, their claim is that NeighborCare Health's employees, acting within the scope of their employment, were negligent and liable under governing state law. In the context of this case, the United States has not shown that it is entitled to immunity from claims that involve recordkeeping failures.

Defendant's second motion in limine is DENIED.

**C. Post-Incident Remedial Measures**

Defendant seeks to exclude evidence of training provided to NeighborCare Health employees that was prompted by the incident that gave rise to this litigation. Federal Rule of Evidence 407 makes evidence of post-incident remedial measures inadmissible in order to prove negligence. The training at issue is exactly the type of measure "that would have made [plaintiffs'] earlier injury or harm less likely to occur," and plaintiffs offer no

---

[1] The FTCA waves sovereign immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

logical reason why Rule 407 should not apply in this case. Plaintiffs will not be permitted to introduce evidence of subsequent training to prove culpable conduct.

Defendant's third motion in limine is GRANTED.

Dated this 7th day of January, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge