UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YESENIA PACHECO, *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. C15-1175RSL

MEMORANDUM OF DECISION REGARDING LIABILITY

The liability phase of this matter was heard by the Court in a two day bench trial commencing on January 22, 2020.[1] Plaintiffs Yesenia Pacheco, Luis Lemus, and their minor child, S.L.P. by and through a guardian ad litem, filed this lawsuit alleging negligence on the part of employees of NeighborCare Health Center, a federally-qualified community health center, which resulted in an unwanted pregnancy and the birth of S.L.P, who was diagnosed with bilateral perisylvian polymicrogyria.

**FINDINGS OF FACT**

By a preponderance of the evidence, the Court finds as follows:

On September 30, 2011, Gloria Rodriguez, an employee of NeighborCare Health Center, mistakenly injected Yesenia Pacheco with a flu vaccine instead of the Depo-Provera contraceptive Ms. Pacheco was there to receive. Depo-Provera is a highly effective contraceptive, but the injections must be administered on a timely basis every

---

[1] Issues related to damages will be tried in a second phase.

MEMORANDUM OF DECISION
REGARDING LIABILITY - 1

eleven to thirteen weeks. Ms. Pacheco had scheduled the September 30th appointment to receive a "on-time" Depo-Provera shot. She arrived for her scheduled appointment and paid for the Depo-Provera shot when she checked in with the receptionist.

At a minimum, the standard of care in the circumstances presented here required the medical provider to confirm what the appointment was for, to inform the patient of what was to be done at the appointment and any potential side effects of the treatment, and to obtain informed consent. On the morning of September 30, 2011, however, Ms. Rodriguez was thinking only of walk-in flu shots when she encountered Ms. Pacheco. She failed to confirm why Ms. Pacheco was there, to document consent to the flu vaccine or a change in the orders, or to advise Ms. Pacheco of the side effects of a flu shot and/or the consequences of skipping a Depo-Provera injection. Ms. Pacheco did not realize that she had gotten a flu vaccine rather than the Depo-Provera shot until she called the clinic to schedule her next Depo-Provera injection. At that point, the clinic indicated that its records showed she had received a flu vaccine three months earlier and requested that she come in for a pregnancy test. The test result was positive.

Ms. Pacheco had not planned or intended to become pregnant in the fall of 2011 and had taken affirmative steps to avoid an unwanted pregnancy. Had she received a Depo-Provera injection on September 30, 2011, she would not have conceived. The unintended pregnancy and birth of S.L.P. were foreseeable consequences of Ms. Rodriguez' error. The risk that a child will be born with a medical condition or disability is within the general field of danger that arises when a medical provider fails to use reasonable care in a procedure designed to prevent pregnancy.

//

**CONCLUSIONS OF LAW**

Based on the foregoing facts, the Court finds that defendant was negligent in failing to provide a Depo-Provera injection on September 30, 2011, and that the breach of the standard of care resulted in and proximately caused injury. The injuries that were foreseeable and proximately caused by defendant's negligence include an unwanted pregnancy, S.L.P.'s birth, and medical expenses associated with her condition.[2] Plaintiffs may also be able to show a loss of consortium at the damages phase of trial. Ms. Pacheco had no duty or responsibility to do anything other than what she did: there is no contributory or comparative negligence on her part.

For all of the foregoing reasons, the Court finds that defendant is liable to plaintiffs for damages in an amount to be proven at a second trial that will begin on Monday, July 6, 2020. A case management schedule will be issued.

Dated this 10th day of March, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Based on the analysis set forth in the "Order Denying Defendant's Motion for Dispositive Relief" (Dkt. # 80 at 2-6) and the evidence presented at trial, the Court finds that the birth of a child with a medical condition or disability is a foreseeable result the negligence that occurred here, that S.L.P. was born with neurological deficits, and that the extraordinary costs and expenses related to and arising from that condition are recoverable under Washington law.

MEMORANDUM OF DECISION
REGARDING LIABILITY - 3