UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YESENIA PACHECO, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C15-1175RSL

ORDER GRANTING IN PART PLAINTIFFS' DAMAGES PHASE MOTIONS IN LIMINE

This matter comes before the Court on "Plaintiffs' Damages Phase Motions in Limine." Dkt. # 146. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. Domestic Violence**

Evidence of domestic violence is relevant to Ms. Pacheco's claim for damages related to pain and suffering as well as to the issue of whether a medical reversionary trust is appropriate in this case. Because this matter will be tried to the Court, the danger of unfair prejudice is low. Plaintiffs' first motion in limine is DENIED.

**B. Citizenship or Immigration Status**

Evidence of immigration status is relevant to plaintiffs' claim for lost future wages and the determination of whether a medical reversionary trust is appropriate in this case. Because this matter will be tried to the Court, the danger of unfair prejudice is low. Plaintiffs' second motion in limine is DENIED.

**C. Collateral Sources of Future Payments**

The parties agree that evidence regarding the availability of future collateral sources to provide services, benefits, and/or payments to plaintiffs is inadmissable. Plaintiffs' third motion in limine is GRANTED.

**D. Dr. Hunter's Opinions**

Plaintiffs' seeks to exclude the opinions of Tye Hunter, Ph.D., because they are inadmissable under *Daubert*. The motion is untimely. Pursuant to LCR 16(b)(4), motions to exclude expert testimony must be filed by the dispositive motion deadline, in part to avoid the sort of truncated, superficial discussion of helpfulness and reliability that occurs when such weighty issues are argued in an omnibus motion shortly before trial. The fourth motion in limine is DENIED for that reason.

In the alternative, plaintiffs' criticisms of Dr. Hunter's testimony are unpersuasive. Plaintiffs point out that Dr. Hunter uses the word "may" to describe what S.L.P.'s future will be and that he is essentially critiquing the predictions of plaintiffs' expert. The failure to predict with any degree of certainty S.L.P.'s progression over the next decades is not surprising, and testimony from an expert explaining why another expert's opinion is faulty is often helpful to the fact-finder. As long as the testimony is based on sufficient data and experience, as described in *Daubert* and its progeny, it can be admitted. As presented, plaintiffs' arguments go to the weight and persuasiveness of the testimony, not its admissibility.

**E. Neonatal Causes of S.L.P.'s Disabilities**

The parties agree that Dr. Hunter will not testify regarding neonatal causes of S.L.P.'s disabilities. Plaintiffs' fifth motion in limine is GRANTED.

**F. Domestic Services and Nonmedical Expenses Provided by Family Members**

William Partin, defendant's economic loss expert, intends to testify that if S.L.P.

ORDER GRANTING IN PART PLAINTIFFS'
DAMAGES PHASE MOTIONS IN LIMINE - 2

lives at home with her parents, no amounts should be awarded for her future care costs after age 22. This opinion flies in the face of Washington law, pursuant to which the value of domestic services and nonmedical expenses provided gratuitously by the injured person's family are recoverable. *See* WPI 30.09.02 ("The reasonable value of necessary [substitute domestic services and/or nonmedical expenses] that will be required with reasonable probability in the future" are recoverable elements of a future damage award). To the extent Mr. Partin ignores the governing law, his testimony is unhelpful and will be excluded. Plaintiff's sixth motion in limine is GRANTED.

**G. Supplemental Reports by Dr. Hunter and Dr. Tomesovic**

The Court's October 1, 2019, Order clearly contemplated the issuance of supplemental expert reports by defendant's expert pediatric neurologist and forensic psychologist. Dkt. # 101 at 4. Those reports were exchanged on May 19, 2020,[1] and plaintiffs have the opportunity to depose the experts regarding any changes to their reports. As further discussed in the October 2019 Order, plaintiffs need not expend time or funds updating their own expert reports, but will have a chance to respond to the new information in the supplemental reports at trial. Plaintiffs' motion to exclude the supplemental reports of Dr. Hunter and Dr. Tomesovic is DENIED.

**H. Witnesses First Disclosed on April 20, 2020**

On April 20, 2020, defendant disclosed that it intended to call as witnesses at trial four of S.L.P.'s current teachers and the school psychologist. The identity of the three teachers was discovered when defendant obtained S.L.P.'s updated school records as part of the supplemental discovery authorized by the Court. The school psychologist has already been deposed.

---

[1] Because plaintiffs refused to allow Dr. Hunter to send questionnaires to S.L.P.'s teachers until ordered to do so by the Court, Dr. Hunter will likely have to amend or supplement his May 2020 report. Such supplementation is warranted and, therefore, authorized.

ORDER GRANTING IN PART PLAINTIFFS'
DAMAGES PHASE MOTIONS IN LIMINE - 3

The testimony of these school district employees is necessary to provide a clearer picture of S.L.P.'s scholastic and social development at this point in time, on the eve of trial. Defendant's inability to divine who would be capable of addressing these issues when S.L.P. was a toddler (or even when discovery closed in March 2019) is not surprising, and its late disclosure was substantially justified. Plaintiffs shall, however, have an opportunity to depose these witnesses prior to trial. Each deposition shall last no longer than two hours. Plaintiffs' eighth motion in limine is DENIED.

**I. Failure to Mitigate**

"The doctrine of mitigation of damages, sometimes referred to as the doctrine of avoidable consequences, prevents recovery for those damages the injured party could have avoided by reasonable efforts taken after the wrong was committed." *Bernsen v. Big Bend Elec. Co-op., Inc.*, 68 Wn. App. 427, 433 (1993). Failure to mitigate is an affirmative defense, however, "that may be waived if not affirmatively pleaded in the answer." *Gear Athletics LLC v. Engstrom Props. LLC*, 163 Wn. App. 1017 (2011) (citing *Fed. Signal Corp. v. Safety Factors, Inc.*, 125 Wn.2d 413, 886 P.2d 172 (1994)). In its answer to the amended complaint, defendant alleged that Ms. Pacheco was contributorily negligent for the unwanted pregnancy, but did not assert that S.L.P.'s parents failed to take reasonable steps to remediate or mitigate the limitations she is experiencing. Dkt. # 44 at 5. Defendant failed to address plaintiffs' waiver argument.

Plaintiffs clearly object to the trial of such a defense, seeking to exclude both the defense itself and any evidence related thereto. *See Bernsen*, 68 Wn. App. at 433-34 ("Generally, affirmative defenses are waived unless they are (1) affirmatively pleaded, (2) asserted in a motion under CR 12(b), or (3) tried by the express or implied consent of the parties."). The insertion of a failure to mitigate defense in this case would involve significant amounts of evidence regarding programs, parenting techniques, and treatments

1  that were available to S.L.P., her parents' knowledge of and ability to take advantage of
2  those interventions, the effectiveness and impact of the interventions on S.L.P.'s current
3  condition, and the consequences of any change in S.L.P.'s condition on the calculated
4  future care costs. The failure to allege a mitigation defense related to S.L.P.'s future care
5  costs is not harmless: plaintiffs' ninth motion in limine is GRANTED.

    For all of the foregoing reasons, plaintiffs' motions in limine are GRANTED in part and DENIED in part.

    Dated this 8th day of June, 2020.

                                    *signature*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
DAMAGES PHASE MOTIONS IN LIMINE - 5