**Honorable Robert S. Lasnik**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YESENIA PACHECO, LUIS LEMUS, and S.L.P., minor child, by and through her Guardian ad Litem, Brian Comfort,<br><br>v.<br><br>UNITED STATES OF AMERICA, | No. 2:15-cv-01175<br><br>PLAINTIFFS' MOTION TO DENY OR STRIKE DEFENDANT'S REQUEST FOR A MEDICAL REVERSIONARY TRUST<br><br>NOTE ON MOTION CALENDAR: July 31, 2020 |

## I.  RELIEF REQUESTED

Plaintiffs move the Court to deny Defendant's request that the Court order that funds on a tort judgment pursuant to the federal torts claim act claim be placed into a medical reversionary trust ("MRT"), with residual funds reverting to the Defendant upon the death of SLP.

To rule on Plaintiffs' instant Motion, Plaintiffs request that the Court rule that a MRT is not authorized by Washington or federal law, and is therefore impermissible as part of a judgment in this tort action. Alternatively, Plaintiffs request that the Court rule that even if a MRT is authorized, the Court exercises its discretion to deny the Defendant's request.

## II.  STATEMENT OF FACTS

Plaintiffs filed Motions in Limine, including a motion to exclude evidence of immigration status. Dkt. 146. Defendant responded to Plaintiffs' Motion in Limine "it is relevant

---

PLAINTIFFS' MOTIONS FOR ORDER DENYING REQUEST FOR MEDICAL REVERSIONARY TRUST- 1



MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

to any request by the Defendant regarding the imposition of a reversionary medical trust to protect any award of SLP's future medical costs." Dkt. 153, p. 2.

Residual funds in a medical reversionary would trust revert to the Defendant upon SLP's death. In a medical reversionary trust, funds for future economic damages would be in the hands of a trustee chosen by and controlled by Defendant. The funds could only be spent on SLP's medical needs; non-medical needs, such as housing, food, transportation, special education, or someone to manage SLP's financial affairs would not be funded by the MRT. The bulk of SLP's future economic damages is non-medical. Therefore, a MRT would cut SLP's access to the funds which she needs to support her for the rest of her life. The worst part of a medical reversionary trust is that it would render SLP ineligible for government benefits. The cost to SLP over the course of her lifetime of ineligibility for benefits would be sizeable.

The Court ruled on Plaintiff's Motion in Limine, "Evidence of immigration status is relevant to plaintiffs' claim for lost future wages and the determination of whether a medical reversionary trust is appropriate in this case." Dkt. 168.

Plaintiff proposes a court approved special needs trust for SLP. The purpose of the special needs trust will protect SLP'e eligibility for government benefits, including medical benefits. By contrast, a medical reversionary trust would be considered an asset which would render SLP ineligible for needs-based government benefits.

Plaintiffs anticipate that at the conclusion of trial, Defendant will request that the Court order that some portion of SLP's future economic damages be placed in a medical reversionary trust, with the residue of the trust benefitting the Defendant upon SLP's death. The purpose of this motion is to request a ruling in advance that the court lacks authority to impose, compel, order, or create a medical reversionary trust. Alternatively, Plaintiffs request a ruling that the

PLAINTIFFS' MOTIONS FOR ORDER
DENYING REQUEST FOR MEDICAL
REVERSIONARY TRUST- 2

M|G

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

Court will exercise its discretion to deny Defendant's request to place finds into a medical reversionary trust.

### III.   STATEMENT OF ISSUES

Should the Court deny Defendant's request for a MRT because neither Washington nor federal law authorize the court to order that any portion of a verdict be placed in a medical reversionary trust?

Should the Court exercise its discretion to deny Defendant's request for a MRT because it is not advisable under these circumstances?

### IV.  EVIDENCE RELIED UPON

Declaration of Brian Comfort, litigation guardian ad litem.

### V. AUTHORITY

**A. According to the Federal Tort Claims Act, 28 USC sec. 1346(b), a district court may only award lump sum money judgments against the United States.**

28 USC sec. 1346(b) provides that the district court has jurisdiction for "money damages" due to the negligence of the United States:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, **for money damages**, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

District courts may award only lump sum money judgments in FTCA cases. *[Frankel v. Heym,](about:blank) [466 F.2d 1226 (3d Cir.1972),](about:blank)*. In *Frankel,* the court disapproved a proposal whereby a trust was to be established for the benefit of a woman who was permanently disabled by an army vehicle. Under the trust agreement, the government would have been required to supplement the

PLAINTIFFS' MOTIONS  FOR ORDER
DENYING REQUEST FOR MEDICAL
REVERSIONARY TRUST- 3



MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

trust from time to time as needed, and any trust funds remaining at the time of the woman's death were to revert to the government. *Id.* at 1228. The Third Circuit stated that "in administering the [FTCA,] a district court should not make other than lump-sum money judgments unless and until Congress shall authorize a different type of award." *Id.* at 1228-29. The court justified this rule under two rationales: (1) the federal waiver of sovereign immunity under the FTCA incorporates the traditional common law principle that awards in civil suits must take the form of common law money judgments, *id.,* and (2) lump sum money judgments are preferable to judgments that would impose a continuing burden upon the judiciary to supervise the award, *id.* at 1229.

In *Dutra v. United States*, 478 F.3d 1090 (2007), Judge Ronald Leighton awarded more than three million dollars in future economic damages according to the plaintiff's life care plan for injuries that a child sustained during childbirth by the medical negligence of a physician insured by the federal government. Before and during trial, the United States requested that Judge Leighton place the future medical expenses into a MRT, citing Washington's periodic payment statute, RCW 4.56.260. Judge Leighton rejected the proposed reversionary medical trust which would have resulted in a return to the United States government of residual funds within the trust upon the death of Jose Dutra.

The United States appealed Judge Leighton's decision regarding the reversionary trust. On appeal, the United States modified its explanation of what it asked Judge Leighton to award at trial. On appeal, the United States claimed that it had merely asked Judge Leighton to solicit formal written proposals from the parties as required by RCW 4.56.260, regardless of whether Judge Leighton was inclined to order that future medical expenses be placed in a medical reversionary trust. The 9th Circuit ruled

PLAINTIFFS' MOTIONS FOR ORDER DENYING REQUEST FOR MEDICAL REVERSIONARY TRUST- 4

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

After the United States requested that the district court apply § 4.56.260, the district court was required to solicit payment plan proposals from each party, *see* Wash. Rev.Code § 4.56.260(2); select and, if necessary, modify the proposal that "best provides for the future needs of the claimant," *id.;* and "enter a judgment which provides for the periodic payment in whole or in part of the future economic damages," *id.* § 4.56.260(1). On remand, the district court is instructed to properly apply the statute.

On remand, the United States submitted proposals which involved a reversionary medical trust. The United States argued against the very position it had taken on appeal, and argued on remand that the United States could not be compelled to make periodic payments. Judge Leighton ruled "Neither the Washington statute nor the opinion of the 9th Circuit compels the Court to adopt a reversionary trust favoring the defendant in this case." Judge Leighton cited several policy considerations for rejecting the proposal for a MRT. These bear repeating here:

> The government's proposal would result in a trustee with divided loyalties between Jose Dutra's on-going medical needs and the government's interest in recouping residual funds made available by a premature death of Jose Dutra. . . . The government's proposal represents a significant change in Washington tort law. . . . Washington law does not provide for the termination of future medical payments by a tortfeasor upon the death of the plaintiff. . . . A medical reversionary trust is not in the best interest of the plaintiff who is the victim of the defendant's negligence.

**B.     The only exception to the above rule is if the district court finds that a reversionary trust is in the best interest of the beneficiary.**

In *Hull v. United States*, 971 F.2d 1499 (10th Cir. 1992), the defendant admitted liability for causing a hypoxic brain injury during childbirth. The trial court awarded more than eight million dollars in future economic damages. The trial court appointed a litigation guardian ad litem to represent the best interests of Lee, the disabled child. The trial court was faced with a unique situation where the LGAL recommended that the trial court place the funds for future economic damages into a MRT. The reason for this recommendation was "the court desired such

PLAINTIFFS' MOTIONS FOR ORDER
DENYING REQUEST FOR MEDICAL
REVERSIONARY TRUST- 5



MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

a reversionary provision because it was concerned that Lee's safety would be in jeopardy if his parents were to receive the unspent portion of this damage award upon Lee's death." Under these unique circumstances (which are not present in the instant case), the 10th Circuit ruled that a MRT is appropriate, but only upon a finding that the MRT is in the best interest of the disabled child, and not based on the best interest of the defendant whose negligence caused the injury complained of:

> we hold that the district court has the inherent power to order the parties to place the money judgment into a fully reversionary trust if such an arrangement is in Lee's best interest. Accordingly, we remand in order to give the court the opportunity to establish a fully reversionary trust if it determines that such a trust is still appropriate. In making this determination, the court should consider that Lee's consent to such a trust, through his guardian ad litem, is a strong indication that the trust is in Lee's best interest.
>
> . . .
>
> In determining whether such a trust is appropriate on remand, the court should consider what form or structure of damages best serves Lee's interests from Lee's perspective only. Thus, the court need not and should not consider whether either the government or the parents assume a risk or whether either might receive a "windfall" upon Lee's untimely death because of the presence or absence of a reverter, as the court did in *Reilly,* 665 F.Supp. at 1017-20. The award is to compensate Lee, and Lee only. Thus, the possibility that the parents might succeed to Lee's award is not relevant. Similarly, once the amount of the award is calculated fully, but not excessively, to absolve the government of its malfeasance, the possibility of a reverter to the government is not relevant. Both possibilities are only incidental to what must be the only inquiry after the proper amount of the award has been calculated and paid: How should it best be structured to benefit Lee?
>
> The fact that Lee consented to a fully reversionary trust through his legal representative, the guardian ad litem, is a highly relevant consideration because Lee is the real party in interest. . . . Here, Lee agreed through his legal representative that it would be in his best interest for the government to place his damages, which totalled over eight million dollars, into a fully reversionary trust; in fact, he requested such an arrangement through his legal representative. Because the guardian ad litem — and not the parents — represents Lee, *see Garrick v. Weaver,* 888 F.2d 687, 692-93 (10th Cir.1989), her consent is the relevant consideration.

PLAINTIFFS' MOTIONS FOR ORDER DENYING REQUEST FOR MEDICAL REVERSIONARY TRUST- 6

M|G

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

Here, Mr. Comfort is the guardian ad litem. He believes that a medical reversionary trust is not in the best interest of SLP.

## V. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court order that the Defendant's request to place funds into a medical reversionary trust is denied.

Dated this 10th day of July, 2020.

MAXWELL GRAHAM, P.S.                ALVAREZ LAW


s/ *Michael Maxwell*                s/ *Steve Ralph Alvarez*
Michael Maxwell, WSBA#21781         Steve Ralph Alvarez, WSBA # 23051
535 East Sunset Way                 705 S. 9th St., Ste. 304
Issaquah, WA 98027                  Tacoma, WA 98405-4600
mike@maxwellgraham.com              Steve@alvarezlaw.com

PLAINTIFFS' MOTIONS FOR ORDER DENYING REQUEST FOR MEDICAL REVERSIONARY TRUST- 7



MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM