UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YESENIA PACHECO, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO. C15-1175RSL<br><br>ORDER FOR REMOTE CIVIL BENCH TRIAL |

The court orders the following procedures and protocols for a remote trial starting on September 14, 2020, at 9:00 a.m.

A. Trial format

- ☐ Remote

- ☐ The entire trial will take place using the ZoomGov.com platform. The parties, counsel, and witnesses will not be physically present in the courtroom.

- ☐ The public will have access to an audio broadcast of the proceedings via a link published on the court's trial calendar. If the parties agree and consent to a video broadcast of the trial (agreement = video and audio broadcast for the public; no agreement = audio broadcast only for the public), they shall so

notify the courtroom deputy at Kerry_Simonds@wawd.uscourts.gov by 10:00 a.m. on September 4, 2020.

B. Preparation

- Counsel shall review the King County CLE tutorials modified for federal court located at https://www.youtube.com/playlist?list=PLQQODreSvdKHWF4JsOIQp8zMJMt9ulM-2 and familiarize themselves with:
  - ZoomGov.com
  - Box.com
- Testimony will be heard from 9:00-11:00 a.m. and 2:00-4:00 p.m. on Monday through Friday.
- Parties and counsel are to participate on September 8, 2020, at 10:00 a.m. with the court and its IT representative for a technology check. The courtroom deputy will supply the invitation link for those participating.
- Counsel shall ensure that they and each witness have the hardware, software, data bandwidth, and internet access required to testify remotely based on the minimum system requirements posted at https://www.wawd.uscourts.gov/attorneys/remotehearings. Counsel shall also ensure that parties and witnesses have an alternative means of communicating with each other outside the ZoomGov.com platform (*e.g.*, a cellphone).

C. Record

- The court will provide a court reporter for the trial and a link to the audio (and, with consent, video) broadcast of the proceedings. No portion of the

hearing shall be recorded or broadcast, in whole or in part, in any other fashion by any participant, witness, or public observer.

☐ The parties and counsel agree that they will not record, via audio, video or screenshot, or permit any other person to record, via audio, video or screenshot, the hearing or any part of it. The parties and counsel will ensure that each additional attendee at the hearing for which that party is responsible also acknowledges and agrees to this prohibition on recording.

D. Witnesses and Participants

☐ Counsel shall email the courtroom deputy at Kerry_Simonds@wawd.uscourts.gov and provide the following for each party, attorney, or witness who will appear remotely:

☐ Name

☐ Email address

☐ Phone number

☐ Participant status (party, attorney, or witness)

☐ The courtroom deputy will then supply the invitation link for those participating. When a participant remotely accesses the trial, the participant will first enter a virtual waiting room. The courtroom deputy will admit participants to the virtual court proceeding from the virtual waiting room. Counsel will be responsible for notifying witnesses when they are expected to report to the virtual waiting room. Counsel shall have a second witness on call at all times to testify in case a witness' connection is lost or other technical difficulties arise.

E. Exhibits

- ☐ All exhibits will be uploaded by counsel to the "Box.com" website via a link that the courtroom deputy will email to counsel prior to the trial start date.
- ☐ Two hard copies shall be delivered to the U.S. Courthouse at 700 Stewart Street, Seattle, WA 98101 before 4:00 p.m. on September 9, 2020.
- ☐ Each witness testifying shall have a hard copy of any exhibit they will be expected to use or examine during the trial.
- ☐ The witness will not access the exhibits until instructed by examining counsel.
- ☐ Counsel or a *pro se* party shall certify that exhibits uploaded and the exhibits produced in hard copy are identical.
- ☐ The courtroom deputy will download each exhibit as it is admitted to create the court's record.
- ☐ Depositions expected to be used for impeachment or trial testimony shall be delivered to the court under seal before 4:00 p.m. on September 9, 2020.
- ☐ The parties must comply with LCR 32 for the use of depositions at the trial, including video depositions.
- ☐ The court shall be notified if a video deposition is to be used as substantive evidence, and the video must be provided to the Court before 4:00 p.m. on September 9, 2020.

F. Professionalism During the Trial

- ☐ Ambient Noise Protocols
    - ☐ When the court, counsel, or a witness is speaking, please avoid interrupting the speaker.

- Upon admission to the ZoomGov.com platform, participants shall mute their microphones and activate microphones when directed by the court (e.g. a witness shall activate the microphone when testifying as shall the examining and defending attorneys during witness testimony).
- All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute to limit potential interruptions. The video hearing host also will have the ability to mute and unmute any participant if needed.
- Any participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by, e.g., only using the microphone and speakers on one device at a time, or utilizing headphones.
- To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom.  Remote participants should silence electronic devices other than devices necessary to remote participation, and generally take steps to minimize anything in their remote workspace that would distract from the integrity of the proceedings.  The Court understands that conducting trial from one's home, for example, presents many

challenges.  The court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

- Objections

  When an objection is made, the witness shall stop talking and let the court rule on the objection.

- Disconnection

  - In the event that the court, a party, counsel, a witness, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished.
  - Counsel must ensure that a witness has an alternative means of communicating with counsel (e.g., a cellphone) in the event of disconnection.

- Appropriate dress

  Parties, witnesses, and counsel are to dress in the same manner as they would in a live courtroom.

- Screen Names

  When remotely accessing the trial, remote participants should ensure that their screen name indicates their actual name.

Dated this 27th day of August, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER FOR REMOTE CIVIL BENCH TRIAL - 6