**Honorable Robert S. Lasnik**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YESENIA PACHECO, LUIS LEMUS, and S.L.P., minor child, by and through her Guardian ad Litem, Brian Comfort, <br><br> v. <br><br> UNITED STATES OF AMERICA, | No. 2:15-cv-01175 <br><br> PLAINTIFFS' RESPONSE TO DEFENDANT'S BRIEF CONCERNING PERIODIC PAYMENTS <br><br> NOTED ON MOTION CALENDAR: NOVEMBER 18, 2020 |

Plaintiffs provide this brief to advise the Court of the infirmities in the Defendant's brief.

1.      Defendant's plan is inadequate because it fails to take into account SLP's costs and attorney fees.

Defendant states:

A combination of $5.25 million in initial seed money and an annuity in the amount of $2.25 million will create and fund the reversionary trust and provide for all of SLP's anticipated future medical care as set forth in Plaintiffs' life care plan at trial.

Dkt. 212, p. 10. Defendant's proposal is inadequate and unworkable. It fails to take into account SLP's attorney fees in the amount of $1,875,000, and that the Plaintiffs have incurred over $142,000 in litigation costs. Unless the Defendant volunteers to pay Plaintiffs' Counsel $2,000,000 for fees and costs, for this reason alone the Court should reject Defendant's proposal.

2.      Defendant does not request periodic payments. The Court has satisfied its obligations under RCW 4.56.260.

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

Defendant states "the United States is prohibited from making periodic payments under the Federal Torts Claim Act (the "FTCA"). Dkt. 212, p. 2. Defendant does not want, and cannot make, periodic payments. The Court should reject Defendant's proposal for periodic payments. Defendant cited to RCW 4.56.260 not because it wants periodic payments, but because it wants the Court to force a Medical Reversionary Trust onto Plaintiffs against their will. The medical reversionary trust is not in the best interest of SLP and not allowed by RCW 4.56.260(2).

3.      <u>RCW 4.56.260 does not allow a medical reversionary trust.</u>

Defendant states "Under the FTCA, the United States is liable in tort actions 'in the same manner and to the same extent as a private party under like circumstances,' under Washington law." Dkt. 212, page 3. This is true. However, never in the history of Washington state has a private party Defendant persuaded a court to force a medical reversionary trust onto a Plaintiff against the Plaintiff's will. No Washington court has ever done what the Defendant asks this Court to do, which is to interpret RCW 4.56.260 to justify forcing a medical reversionary trust onto Plaintiffs.

4.      <u>The Defendant's proposal for a medical reversionary trust is not in the best interest of SLP.</u>

Whether following RCW 4.56.260 or the court's "inherent authority", the Court must act in the interest of SLP. RCW 4.56.260(2); *Hull by Hull v. United States* 971 F.2d 1499 (1992), ("the district court has the inherent authority to order that Lee's damages be paid in the form of a fully reversionary trust if it concludes that is in Lee's best interest . . . the court should consider what form or structure of damages best serves Lee's interests from Lee's perspective only . . . The award is to compensate Lee, and Lee only.")

Defendant's attempt to argue that its proposal for a medical reversionary trust is "SLP is a minor who is completely dependent on her parents and may need the Court's protection to

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

create a reversionary trust to ensure any funds earmarked for her future medical care remain at her disposal for her future care and treatment." Dkt. 212, p. 7. However, the Plaintiffs' proposal of a Special Needs Trust and a Structured Settlement satisfies this concern. Plaintiffs' proposal does not interfere with SLP's eligibility for needs-based government benefits, and better provides for SLP's interests.

Defendant insinuates that SLP's parents Yesenia Pacheco and Luis Lemus are evil, malevolent, or untrustworthy:

> a reversionary trust avoids conflicts of interest inherent in caring for incapacitated people like SLP, in which the beneficiaries of excess life care funds are the same people responsible for making life-or-death decisions. Hull, 971 F.2d at 1503 (10th Cir. 1992) (noting that plaintiff's life "may be compromised because the existing trust agreement provides that the parents inherit the entire trust assets if [plaintiff] dies while in their care) . . . Here, testimony at trial revealed that Ms. Pacheco provides the majority of her care for her daughter, including scheduling and attending medical visits. However, Ms. Pacheco also testified that she is not a United States citizen, and other testimony and evidence at trial suggest neither her nor Mr. Lemus are in the best position to ensure the protection of SLP's future damages award. To date, the government is unsure who Plaintiffs intend to oversee, manage, and/or administer SLP's future damages award.

Dkt. 212, pages 7-8. The Court heard testimony from two of SLP's health care providers: Dr. Kadet and Dr. Lopez. Their testimony is that SLP is blessed with loving, caring, devoted, and resourceful parents. Defendant has no basis for its assertion that there is a conflict of interest. Unlike *Hull*, there is no evidence that Yesenia and Luis intend to harm or neglect their child and abscond with the money. The *Hull* court described the relationship of the disabled child to his parents as follows:

> the record indicates that the court wanted to establish a trust that would revert fully to the government upon Lee's death. Apparently, the court desired such a reversionary provision because it was concerned that Lee's safety would be in jeopardy if his parents were to receive the unspent portion of this damage award upon Lee's death.



MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

To suggest that Yesenia and Luis should be forced into a medical reversionary trust because she is not a citizen of the United States is baseless. Nothing in the evidence before the Court supports Defendant's contention.

     5.    <u>Conclusion.</u>

     The Court should reject Defendant's request to force the medical reversionary trust onto Plaintiffs and find that the Defendant does not seek period payments. Plaintiffs will establish a special needs trust and structured settlement with or without a court order.

Dated this 19th day of November, 2020.

     MAXWELL GRAHAM, P.S.         ALVAREZ LAW

     <u>s/ *Michael Maxwell*</u>           <u>s/ *Steve Ralph Alvarez*</u>
     Michael Maxwell, WSBA#21781    Steve Ralph Alvarez, WSBA # 23051
     535 East Sunset Way            705 S. 9th St., Ste. 304
     Issaquah, WA 98027             Tacoma, WA 98405-4600
     mike@maxwellgraham.com       Steve@alvarezlaw.com



MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM